IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BAKARR BANGURA | : Civil Action No. 11-2793 |
| v. | : **Jury Trial Demanded** |
| ELWYN, INC. | : |

**ORDER**

AND NOW, this _____ day of _____, 2011, upon consideration of Defendant Elwyn, Inc.'s Motion to Dismiss Plaintiff's Complaint, and any response thereto, it is hereby **ORDERED** that the Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED** with prejudice.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BAKARR BANGURA | : Civil Action No. 11-2793 |
| | : |
| v. | : **Jury Trial Demanded** |
| | : |
| ELWYN, INC. | : |
| | : |

## DEFENDANT ELWYN INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Elwyn, Inc., by and through undersigned counsel, hereby files this motion to dismiss the Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendant incorporates the attached Memorandum of Law dated July 13, 2011. Moving Defendant therefore requests this Court to dismiss with prejudice any and all claims asserted by Plaintiff against it.

Wherefore, Moving Defendant respectfully requests that this Honorable Court grant this Motion to Dismiss.

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN

BY:   s/John P. Gonzales
       JOHN P. GONZALES, ESQUIRE
       ID#  PA71265
       620 Freedom Business Center, Suite 300
       King of Prussia, PA 19406
       (610) 354-8264 Fax (610) 354-8299
       Email:  jpgonzales@mdwcg.com
       Attorney for Defendant

DATE:  July 13, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BAKARR BANGURA | : Civil Action No. 11-2793 |
| | : |
| v. | : **Jury Trial Demanded** |
| | : |
| ELWYN, INC. | : |
| | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant, Elwyn, Inc., by and through undersigned counsel, hereby submits this memorandum of law in support of its Motion to Dismiss.

**I.     INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiff initiated this action on April 27, 2011 by filing an application to proceed in forma pauperis with the Court.  On May 2, 2011, the Court issued an order granting Plaintiff's motion and requiring him to file his right to sue letter within 30 days or his failure to do so would result in the dismissal of his complaint.   Plaintiff's Complaint alleging claims under the Pennsylvania Human Relations Act ("PHRA")  was also docketed on May 2, 2011.

Although the Plaintiff had not yet filed a copy of his right to sue letter, the Court issued a second order on May 16, 2011 ordering the United States Marshal of the Eastern District to serve a copy of the complaint upon the Defendant and service was completed on June 21, 2011.

Defendant now moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim as Plaintiff has failed to exhaust his administrative remedies as required by the PHRA.

**II.     FACTUAL BACKGROUND**

Plaintiff was employed with Elwyn Inc. in September of 2008 and working the 11 pm – 9 am shift as a Community Living Assistant.  (Compl. at p. 3 Section E.)  Part of his duties

included providing basic care and medication administration to residents of the Thornbury Program. (Compl. at p. 4.) On the morning of September 5, 2008, Plaintiff alleges that, although it was the responsibility of another employee, he was required to complete the morning hygienic care routine for a client when the other employee failed to do so. (Compl. at p. 4) In caring for the client, Mr. Bangura required the assistance of a non-Elwyn employee to clean feces off of the client in order to ensure that the client would make it to his day program on time. (Compl. at p. 4) Plaintiff contacted the Program Director to report the incident and was subsequently suspended from work and eventually dismissed on October 7, 2008. (See Compl. at p. 4 and Plaintiff's Charges of Discrimination filed with the EEOC and attached hereto as Exhibit A.)[1]

Feeling that he was unfairly treated, Plaintiff filed a charge with the Pennsylvania Human Relations Commission on September 14, 2009 (Compl. at p. 4 Section D.)

### III. LEGAL STANDARD

Defendant requests dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)6 for failure to state a claim for which relief can be granted. In order to survive a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Griffin-El v. Beard, Civil Action No. 06-2719, 2009 U.S. Dist. 92975 (E.D. Pa. Oct, 6, 2009) (quoting) Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

---

[1] Pursuant to Federal Rule of Evidence 201, Defendant requests this Court take judicial notice of the information contained within Plaintiff's EEOC Charge of Discrimination, attached hereto as Exhibit A. See Smith v. Litton Loan Servicing, No. 04-2846, 2005 U.S. Dist. LEXIS 1815, at * 18 (E.D. Pa. Feb. 4, 2005); See also Animal Sci. Prods. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 702 F. Supp. 2d 320, 401-402 (D.N.J. 2010)(discussing propriety of taking judicial notice of documents of record in administrative proceedings). Although this filing was not presented as an exhibit to the Complaint in this matter, its recognition pursuant to judicial notice does not trigger the conversion of this 12(b)(6) motion to a motion for summary judgment . Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) ; see also Anspach v. City of Philadelphia, 503 F.3d 256, 273 n.11 (3d Cir. 2007) (court may take judicial notice of public records when ruling on Rule 12(b)(6) motions to dismiss).

(2009). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads fact that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id.

"The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.

### IV.     ARGUMENT

In order to initiate a civil action pursuant to the PHRA, a plaintiff must first have filed an administrative complaint with the PHRC within 180 days of the alleged act of discrimination. See 43 Pa. Cons. Stat. Ann. § 959(g). "Whether the filing requirements have been satisfied is a matter of Pennsylvania law, and one that has been strictly interpreted by Pennsylvania courts." Scott v. Metropolitan Life Ins. Co., 2000 U.S. Dist. LEXIS 11016, 8-9 (E.D. Pa. Aug. 7, 2000)(citing Vincent v. Fuller Co., 532 Pa. 547, 616 A.2d 969, 974 (Pa. 1992)). Thus, a complainant who failed to timely file with the PHRC is precluded from seeking judicial remedies under the PHRA. DiSantis v. Koolvent Aluminum Prods., 1998 U.S. Dist. LEXIS 4039, 3-5 (E.D. Pa. Mar. 25, 1998)(citing Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1997)).

In his charge of discrimination filed with the EEOC, Plaintiff states that October 7, 2008 was the latest date of discrimination by Elwyn. To comply with the 180 day requirement of the

3

PHRA, Plaintiff must have filed his complaint with the PHRC before April 6, 2009. However, Plaintiff did not file his complaint until September 14, 2009, 342 days after the last incident of alleged discrimination. As Plaintiff failed to timely file a complaint with the PHRC and exhaust his administrative remedies, he is precluded from pursuing his claim against the Defendant in this matter.

V.     CONCLUSION

For the foregoing reason, Defendant requests that it's Motion to Dismiss be granted and Plaintiff's Complaint be dismissed with prejudice.

                MARSHALL, DENNEHEY, WARNER,
                COLEMAN & GOGGIN

BY:   s/John P. Gonzales
        JOHN P. GONZALES, ESQUIRE
        ID#  PA71265
        620 Freedom Business Center, Suite 300
        King of Prussia, PA 19406
        (610) 354-8264 Fax (610) 354-8299
        Email:  jpgonzales@mdwcg.com
        Attorney for Defendant

DATE:  July 13, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BAKARR BANGURA | : Civil Action No. 11-2793 |
| | : |
| v. | : **Jury Trial Demanded** |
| | : |
| ELWYN, INC. | : |
| | : |

**CERTIFICATE OF SERVICE**

    I, JOHN P. GONZALES, being duly sworn according to law, hereby certify that Defendant's Motion to Dismiss was forwarded to all counsel of record on July 13, 2011 and was sent via first class mail, postage prepaid to the last known address of other parties or their representatives.

Bakarr Bangura
151 South Bishop Avenue, F-21
Secane, PA 19018


                                MARSHALL, DENNEHEY, WARNER,
                                COLEMAN & GOGGIN


BY:    s/John P. Gonzales
          JOHN P. GONZALES, ESQUIRE
          ID#  PA71265
          620 Freedom Business Center, Suite 300
          King of Prussia, PA 19406
          (610) 354-8264 Fax (610) 354-8299
          Email:  jpgonzales@mdwcg.com
          Attorney for Defendant