IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BAKARR BANGURA, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ELWYN, INC., | : | No. 11-2793 |
|     Defendant. | : | |

**M E M O R A N D U M**

**Stengel, J.**                                                                                                    **June 11, 2012**

    This case is an employment discrimination case brought a pro se plaintiff, Mr. Bangura.  After an Order directing the Plaintiff to assert a basis for federal jurisdiction, Plaintiff filed an Amended Complaint.  Defendant then filed this Motion to Dismiss.  For the reasons stated below, I will grant the Defendant's motion.

**I.     Facts**

    Plantiff, Bakarr Bangura, is from West-Africa and alleges he was fired because of his national origin.  Plaintiff filed a Complaint on May 2, 2011, alleging only a state claim under the Pennsylvania Human Relations Act ("PHRA").  Following an attempt to provide Plaintiff counsel, which he declined, I dismissed the case for failure to exhaust administrative remedies.  Plaintiff appealed and the Third Circuit vacated and remanded the decision to determine a basis for jurisdiction.  In an Order dated February 28, 2012, I granted leave for the Plaintiff to amend his Complaint to include a basis for federal jurisdiction.[1]  On March 8, 2012, the Plaintiff filed an Amended Complaint (Doc. No.

---

[1] The Order stated "Without facts alleging diversity of citizenship or a federal claim, this Court does not have jurisdiction to decide plaintiff's case on the merits."  (Doc. No. 21).

1

22), which asserts only a state claim and pleads fewer factual allegations that the Original Complaint.[2] The Defendant filed a second motion to dismiss on March 29, 2012, stating that Mr. Bangura has failed to state a claim and for lack of jurisdiction.

## II.     Discussion

A federal court has subject matter jurisdiction over civil actions arising under "the Constitution, laws, or treaties of the United States" (federal question jurisdiction) and civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332(a). Federal question jurisdiction exists only if a federal question is presented on the face of the complaint. Club Comanche, Inc. v. Gov't of V.I., 278 F.3d 250, 259 (3d Cir. 2002) (citation omitted). In his Amended Complaint, Plaintiff alleged a claim under the PHRA, which is state law and does not present a federal question pursuant to § 1331. Additionally, as both Plaintiff and Defendant are domiciled in Pennsylvania, diversity jurisdiction is also not present pursuant to § 1332. Therefore, I will dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

Even if Plaintiff had pleaded a federal claim under Title VII, his federal claim would fail on the merits.[3] 42 U.S.C. § 2000e-5(f)(1), requires that claims brought under Title VII be filed within ninety days of the claimant's receipt of the EEOC right to sue letter. 42 U.S.C. § 2000e-5(f)(1) ("The Commission . . . shall so notify the person

---

[2] For the purposes of determining whether Plaintiff can overcome a motion to dismiss, I will consider both the Amended Complaint and the factual allegations in the Original Complaint, which the Plaintiff failed to attach to the Amended Complaint.

[3] Due to his status as pro se and my obligation to give pro se litigants the utmost deference, I briefly touch on the merits of Plaintiff's case.

2

aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge"). See also, Rosa v. Pocono Med. Ctr., 2011 U.S. Dist. LEXIS 46173 (M.D. Pa. Apr. 29, 2011). The Third Circuit treats this requirement as a statute of limitations rather than a jurisdictional prerequisite to suit. See Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 176 (3d Cir. V.I. 1999). See also Ortiz v. Auto. Rentals, Inc., 2010 U.S. Dist. LEXIS 90052 (D.N.J. Aug. 31, 2010) (finding that failure to comply with "the EEOC's 90-day filing deadline …. requires the dismissal of a complaint 'with prejudice'"). Plaintiff, in his Original and Amended Complaint, alleged that he received the Right to Sue letter from the EEOC on October 26, 2010.[4] Plaintiff filed this suit on May 2, 2011. Therefore, Plaintiff did not file suit until 188 days from the time he received his Right to Sue letter, which far exceeds the 90-day deadline imposed by the EEOC. Consequently, had Plaintiff asserted a Title VII claim, it would not withstand a motion to dismiss.[5]

### III. Conclusion

For the forgoing reasons, I will grant the Defendant's motion to dismiss.

An appropriate Order follows.

---

[4] Additionally, Plaintiff has failed to attach his Right to Sue letter to his Complaint or Amended Complaint showing that he has exhausted his administrative remedies.

[5] Given the disposition of the Motion to Dismiss, I will also deny Plaintiff's numerous requests for a hearing.